UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

CASE NO. 06-CV-161-KKC

JOHN C. BAGGETT                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

D.L. STINE                                                        RESPONDENT

*** *** *** *** ***

John C. Baggett ("Baggett") is a prisoner incarcerated at the United States Penitentiary-McCreary ("U.S.P.-McCreary") in Pine Knot, Kentucky, and has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 1]. This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Baggett is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.      Background**

On March 1, 2001, pursuant to a sealed indictment, a federal district court in Tyler, Texas, issued a bench warrant for Baggett's arrest on four counts of possession with intent to distribute marijuana in violation of 21 U.S.C. §841(a)(1). Baggett was arrested by federal agents in Nashville,

Tennessee, on March 22, 2001, and, after a hearing, was committed to the custody of the federal court in Texas a week later.

Pursuant to a plea agreement with the United States, on May 18, 2001, Baggett pled guilty to three counts of the offense in exchange for the dismissal of one count and the United States' agreement to move for a downward departure from the sentencing guideline range. Pending sentencing, Baggett was released on bond on June 7, 2001. However, when Baggett failed to appear at the sentencing hearing on October 12, 2001, a warrant was issued for his arrest.

On April 12, 2002, Baggett was arrested by Florida police on state charges in Tallahassee, Florida. Baggett remained in the custody of the State of Florida until September 6, 2002, when the Florida courts sentenced him to the 147 days already served in state custody. Pursuant to a federal detainer lodged with Florida authorities shortly after his arrest in April, Baggett was surrendered to federal authorities and returned to Texas federal court for failing to appear at the sentencing hearing and violating the terms of his probation. After a hearing on February 23, 2003, Baggett was sentenced to a term of incarceration of 63 months, to be followed by a three-year term of supervised release. *United States v. Baggett*, 01-CR-0010, Eastern District of Texas [Record Nos. 64, 79, 100, 106, 107, 129-31, 139, 141 therein]; *United States v. Baggett*, 01-MJ-2019, Middle District of Tennessee [Record Nos. 1, 3, 12 therein]; *United States v. Baggett*, 02-MJ-0099, Northern District of Florida [Record Nos. 1, 6 therein].

In his petition, Baggett contends that the Bureau of Prisons ("BOP") mis-calculated his sentence by failing to properly give him credit for time served while in state custody as required by 18 U.S.C. §3585(b)(1). Specifically, because a federal detainer was lodged with the Florida court shortly after Baggett was arrested on state charges on April 12, 2002, Baggett contends that he

should be given credit for the 147 days he spent in Florida custody until September 6, 2002, because the lodging of the federal detainer prevented his being released on bond.  Baggett also contends the BOP improperly revoked and/or calculated his good conduct time credits.[1]

## II.    Discussion

Baggett's contentions regarding his good conduct time credits must be dismissed.  Baggett never raised this issue in any of his grievances, and hence this claim must be dismissed for failure to exhaust administrative remedies.  *Wesley v. Lamanna*, 27 Fed.Appx. 438, 438-39 (6th Cir. 2001) (exhaustion required for habeas corpus petitions filed under Section 2241); *United States v. Oglesby,* 52 Fed.Appx. 712, 714 (6th Cir. 2002); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996).  While ordinarily such a dismissal would be without prejudice to afford the inmate the opportunity to exhaust his administrative remedies, this claim must be dismissed with prejudice because it is now impossible for Baggett to file a timely grievance with respect to this issue, as is required to satisfy the requirement that administrative remedies be exhausted properly.  *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (exhaustion requirement cannot be satisfied where prisoner fails to properly and timely invoke and exhaust grievance process).

Baggett did fully and properly exhaust his claim with respect to sentencing credit for time

---

[1]  It appears that Baggett has now been released from U.S.P.-McCreary and is participating in a community rehabilitation program in Nashville.  The Court may only entertain a petition for habeas corpus under Section 2241 where the petitioner is "in custody."  *Spencer v. Kemna*, 523 U.S. 1, 8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole--some 'collateral consequence' of the conviction--must exist if the suit is to be maintained.").

However, a petitioner still satisfies the "in custody" requirement after his release from prison if there are "significant restraints on [the] petitioner's liberty because of his conviction and sentence which are in addition to those imposed by the State upon the public generally."  *Jones v. Cunningham*, 371 U.S. 236, 242 (1963).  Because Baggett was sentenced to three years of supervised release upon the conclusion of his term of incarceration, he still satisfies the "in custody" requirement for habeas review.  *See Scanio v. United States*, 37 F.3d 858, 860 (2nd Cir. 1994) (supervised release is restraint not imposed on society at large).

served in state custody.  That claim must fail on the merits, however, because the BOP properly

applied 18 U.S.C. §3585(b).  That provision states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. §3585(b)(2) therefore requires that a prisoner be given sentencing credit for time spent

in jail as the result of a crime committed after the federal offense, but only if it has not been credited

against another sentence.  The record here clearly establishes that the 147 days that Baggett was in

the custody of the State of Florida, from April 12, 2002, to September 6, 2002, was spent in service

of the Florida sentence, and thus is properly excluded from credit towards Baggett's federal sentence.

*United States v. Rivers*, 329 F.3d 119, 121 n.1 (2nd Cir. 2003) (Section 3585(b) does not permit

credit on federal sentence for time served and credited against another sentence); *Rios v. Wiley*, 201

F.3d 257, 264 (3rd Cir. 2000) (same); *see also Clark v. Floyd*, 80 F.3d 371, 373 (9th Cir. 1996)

(revocation of prisoner's federal probation based on conviction of state crime did not entitle prisoner

to credit against federal sentence for time spent serving state sentence); *United States v. Arroyo*, 324

F.Supp.2d 472, 474 (S.D.N.Y. 2004).

The mere fact that a federal detainer was lodged with Florida authorities shortly after the

commencement of Baggett's state sentence does not change the result.  The mere lodging of a federal

detainer is insufficient as a matter of law to transform time from the prisoner's state custody into

federal custody for sentencing credit purposes. *Thomas v. Whalen*, 962 F.2d 358, 361-62 (4th Cir. 1992). Even if the lodging of the federal detainer were sufficient to place a prisoner constructively in federal custody, Section 3585(b) precludes a prisoner from receiving double credit for time served in state custody, and hence he could not receive credit against his federal sentence where he has already received credit against his state sentence. *Tisdale v. Menifee*, 166 F.Supp.2d 789, 791-92 ( S.D.N.Y. 2001). This is true even where the presence of the federal detainer prevents the prisoner from obtaining release on bond under state law. *Id.* at 792.

### III.    CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)     Petitioner Baggett's petition for a writ of habeas corpus is **DENIED.**

(2)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 6th day of December, 2006.

Signed By:

*Karen K. Caldwell*

**United States District Judge**